UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                              :

CHRISTIE'S INC.,                      :

               Petitioner,      :

     v.                   :  No. _____   20 CV 3146

                              :

DEBRA L. TURNER and THE SEAN N.   :
PARKER FOUNDATION,       :

             Respondents.     :

---------------------------------------------------------x

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Christie's Inc. ("Christie's"), by and through its undersigned attorneys, hereby alleges as follows:

### SUMMARY AND NATURE OF THE ACTION

1.    This proceeding is brought by Christie's pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the arbitration award (the "Award") rendered in the arbitration between Christie's, on the one hand, and the Sean N. Parker Foundation (the "Foundation") and Debra L. Turner, on the other hand (the Foundation and Ms. Turner are collectively the "Respondents"). The Award was rendered on April 6, 2020 by a neutral and qualified arbitrator, Michael D. Young, Esq. (the "Arbitrator"), who was appointed under JAMS' Comprehensive Arbitration Rules and Procedures ("JAMS Rules") in the three-party arbitration captioned *Christie's Inc. v. Debra L. Turner, et al.*, JAMS Ref. No. 1425029863 (the "Arbitration"). The Award was served on the Parties on April 16, 2020. The Arbitration hearing took place in New York City on January 14, 2020. A copy of the Arbitration Award is attached as Exhibit 1 to the Declaration of Michael Holecek ("Holecek Decl.").

2.     Through this Petition, Christie's seeks an order confirming and entering judgment upon the Award (1) declaring that the Foundation holds valid title to the Peter Paul Rubens painting titled *A Satyr Holding a Basket of Grapes and Quinces with a Nymph* (the "Painting"); (2) ordering Christie's to immediately ship the Painting to the Foundation; and (3) ordering Christie's to immediately pay the auction proceeds to Ms. Turner.

3.     The Arbitration was conducted under the terms of arbitration agreements contained in the following written agreements:  (1) a Seller's Contract between Christie's and Ms. Turner, dated February 21, 2018 (the "Seller's Contract") (Holecek Decl., Ex. 2); and (2) a Buyer's Contract between Christie's and the Foundation, which the Foundation entered into on April 19, 2018 by placing an auction bid for the Painting (the "Buyer's Contract") (*Id.*, Ex. 3).  Both the Seller's Contract and the Buyer's Contract explicitly require any controversy, claim, or dispute arising from the contracts to be settled by binding arbitration in New York, pursuant to New York law, in accordance with the JAMS Rules.  (*Id.*, Ex. 2 ¶ 19(i), Ex. 3 ¶ J(9).)  The arbitration agreements contained in the Seller's Contract and Buyers' Contract have the same substantive provisions.

## PARTIES

4.     Petitioner Christie's Inc. is a New York Corporation with its principal place of business at 20 Rockefeller Plaza, New York, New York, 10020.

5.     Respondent the Sean N. Parker Foundation is a California nonprofit public benefit corporation recognized as a charitable private foundation under Internal Revenue Code Sections 501(c)(3) and 509(a) with its principal place of business at 314 Lytton Avenue, Palo Alto, California, 94301.

6.     Respondent Debra L. Turner is an individual who resides in the state of California.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because Petitioner is a citizen of a different state than each Respondent, and the amount in controversy exceeds $75,000.

8.     Venue is proper under 9 U.S.C. § 9 and personal jurisdiction exists because Respondents agreed to arbitrate in New York, New York, the Award was made in this District and the parties agreed that "[j]udgment upon the award may be entered by any court having jurisdiction thereof."  *See Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.").

## RELEVANT FACTS AND PROCEEDINGS

### The Seller's Contract

9.     On February 21, 2018, Christie's and Ms. Turner entered into a Seller's Contract, under which Christie's agreed to sell the Painting at auction in New York on April 19, 2018.

10.     The Seller's Contract contains an arbitration agreement that provides that the parties will arbitrate any disputes arising thereunder in New York and under the JAMS Rules:

> **With respect to sales in New York**, this agreement and any rights arising outside of, but related to, this agreement shall be governed by the laws of the state of New York.  Any dispute, controversy or claim arising out of, relating to, or in connection with this agreement, or the breach, termination, or validity thereof ("Dispute"), shall be submitted to JAMS . . . for final and binding arbitration in accordance with its Comprehensive Arbitration Rules and Procedures . . . .  The seat of the arbitration shall be New York and the arbitration shall be conducted by one arbitrator, who shall be appointed within 30 days after the initiation of the arbitration. . . .  The arbitration shall be confidential, except to the extent necessary to enforce a judgment or where disclosure is required by law.  The arbitration award shall be final and binding on all parties involved.  Judgment upon the award may be entered by any court having jurisdiction thereof or having jurisdiction over the relevant party or its assets.  This arbitration and any proceedings conducted hereunder shall be governed by Title 9 (Arbitration) of the United States Code . . . .

3

Holecek Decl., Ex. 2 ¶ 19(i).

## The Buyer's Contract

11.      On April 19, 2018, Christie's sold the Painting at auction to the Foundation.  By submitting a bid for the Painting, the Foundation assented to be bound by the Buyer's Contract. *See* Holecek Decl., Ex. 3 at 1 ("By registering to bid and/or by bidding at auction you agree to these terms").

12.      The Buyer's Contract contains an arbitration agreement that provides that the parties will arbitrate any disputes arising thereunder in New York and under the JAMS Rules:

> This agreement, and any non-contractual obligations arising out of or in connection with this agreement, or any other rights you may have relating to the purchase of a lot will be governed by the laws of the state of New York.  Before we or you start any court proceedings . . . the Dispute shall be submitted to JAMS . . . for final and binding arbitration in accordance with its Comprehensive Arbitration Rules and Procedures . . . .  The seat of the arbitration shall be New York and the arbitration shall be conducted by one arbitrator, who shall be appointed within 30 days after the initiation of the arbitration. . . .  The arbitration shall be confidential, except to the extent necessary to enforce a judgment or where disclosure is required by law. The arbitration award shall be final and binding on all parties involved.  Judgment upon the award may be entered by any court having jurisdiction thereof or having jurisdiction over the relevant party or its assets.  This arbitration and any proceedings conducted hereunder shall be governed by Title 9 (Arbitration) of the United States Code . . . .

Holecek Decl., Ex. 3 ¶ J(9).

## The Auction Sale and Subsequent Arbitration

13.      On April 19, 2018, pursuant to the Seller's Contract, Christie's offered the Painting for auction as part of its Old Masters I auction at the Rockefeller Center in New York.

14.      The Painting sold to the Foundation at a hammer price of $4.8 million, which means Christie's contributed an additional $200,000 to bring the price up to the reserve price of $5 million.  Because Ms. Turner's Seller's Contract calls for a 2% seller's commission (Holecek Decl., Ex. 2 p. 5), the proceeds due Ms. Turner are $4.9 million.  The Foundation paid a "buyer's

premium," which brought its total cost to $5,712,500—known as the total realized price.

15.    After the auction, a dispute arose between Christie's, the Foundation, and Ms. Turner, wherein Ms. Turner claimed that she had cancelled the sale of the Painting, and the Foundation asserted that it was entitled to the Painting by virtue of its auction purchase.

16.    To resolve its dispute with Ms. Turner and the Foundation, and after an unsuccessful mediation, on May 15, 2019, Christie's served a Three-Party Demand for Arbitration under the JAMS Rules, as the arbitration agreements contained in the Buyer's Contract and Seller's Contract contain the same operative terms.  (*See* Holecek Decl., Ex. 1 at 3.)

17.    On June 27, 2019, pursuant to the procedures set forth in the JAMS Rules, JAMS appointed Michael D. Young, Esq. as Arbitrator for the dispute.  (*Id.* at 4.)

18.    On June 18, 2019, Ms. Turner served a Response in the Arbitration on her own behalf.  (*Id.* at 5.)

19.    On June 28, 2019, the Foundation served a Responding Statement and Counterclaims in the Arbitration.  (*Id.*)

20.    On August 6, 2019, Christie's served a Response, Claim for Relief, and Affirmative Defenses in the Arbitration.  (*Id.*)

21.    The Arbitrator permitted the parties to engage in discovery—including document productions and depositions—and motions for summary disposition pursuant to the JAMS Rules. (*See id.*, Ex. 4.)  On November 11, 2019, Christie's moved for summary disposition on the grounds that Christie's and Ms. Turner entered into a valid contract to sell the Painting, and that the contract was not cancelled or waived prior to the auction.  (*Id.*, Ex. 1 at 8.)  The Foundation also moved for summary disposition on the theory that it is entitled to possession of the Painting as the auction

buyer under the relevant contracts and the entrustment doctrine of the Uniform Commercial Code. (*Id.*)

22.     On December 10, 2019, the Arbitrator granted Christie's motion for summary disposition "regarding any claims, defenses or arguments by Ms. Turner that there was anything illegal or improper in the formation of the contract between her and Christie's, or that Christie's did not properly carry out its contractual obligations vis a vis the conduct of the auction or leading up to the auction, or that Christie's otherwise breached the contract by failing to return the subject painting prior to the auction of it." (*Id.* at 8.)  The Arbitrator reserved decision on the Foundation's motion for summary disposition.  (*Id.*)  The Arbitrator also denied Ms. Turner's motion to recuse the Arbitrator based on a standard disclosure by JAMS regarding the number of previous matters that the parties or their counsel had arbitrated or mediated before other JAMS neutrals around the country.  (*Id.* at 31-32.)

23.     The Arbitrator "direct[ed] the parties to prepare for a one day hearing . . . focus[ed] on the interaction of the parties after the auction took place and on Ms. Turner[]'s argument that the auction was either canceled or the results waived."  (*Id.*)

24.     The one-day hearing took place in New York City on January 14, 2020.  (*Id.* at 10.)

25.     After receiving post-hearing briefs, the Arbitrator closed the hearing on March 5, 2020.  (*Id.* at 11.)

26.     The Arbitrator rendered the Award on April 6, 2020, in which he found (1) that the Foundation is the rightful owner of title to the Painting; (2) that Ms. Turner is entitled to the auction proceeds pursuant to the Seller's Contract.  (*Id.*, Ex. 1 at 25-26.)

27.     The Arbitrator's Award provided for specific relief as follows:

I declare that the Conditions of Sale agreement between Christie's and the Foundation is valid and enforceable.  I also declare that the Foundation is the rightful owner of the

Painting – the Peter Paul Rubens' A Satyr with a Nymph Holding a Basket of Quinces – and has been the rightful owner of the Painting since the Foundation paid the amount due for the Painting on May 2, 2018.  Christie's shall forthwith deliver, or cause the delivery of, the Painting to the Foundation.

I declare that the Seller's Agreement between Christie's and Ms. Turner is valid and enforceable and that Christie's fully complied with the requirements of the Seller's Agreement, both before and after the auction of the Painting on April 19, 2018. Christie's shall forthwith forward to Ms. Turner that portion of the proceeds of the auction of the Painting to which she is entitled.  To be clear, she is not entitled to the Buyer's Premium, nor is Ms. Turner entitled to any interest on the amount that is due to her.

No party is entitled . . . to the reimbursement of attorneys' fees or of the cost it or she incurred in this Arbitration proceeding or otherwise in this dispute, except that Christie's is entitled to the reimbursement by Ms. Turner of any amount of the JAMS[] or Arbitrator fees that Christie's advanced on behalf of Ms. Turner.  Christie's may deduct said amount from the amount it will pay Ms. Turner as per paragraph 2 of this Final Award.

No party is entitled to any other relief and all other [claims] for relief are denied.

(*Id.*)

28.     The Award was served on the Parties by JAMS on April 16, 2020.  (*Id.*, Ex. 5.)

29.     The Award has not been vacated under 9 U.S.C. § 10, nor modified or corrected under 9 U.S.C. § 11 or pursuant to the JAMS Rules.

30.     This action is brought within one year after the Award was made on April 6, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Christie's respectfully requests that this Court:

A.     Enter an order confirming the Arbitrator's April 6, 2020 Award;

B.     Enter judgment in conformance with the Arbitrator's April 6, 2020 Award.

C.     Grant any other relief that this Court, in the interests of justice, deems necessary and proper, including Petitioner's costs and reasonable attorneys' fees incurred in bringing this proceeding.

Dated:  April 20, 2020
       New York, New York

Respectfully submitted,


_____/s/ Victoria Orlowski_____
Victoria Orlowski
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Email:  vorlowski@gibsondunn.com

Daniel Swanson (*pro hac vice application forthcoming*)
Michael Holecek (*pro hac vice application forthcoming*)
Thomas Cochrane (*pro hac vice application forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000


*Attorneys for Petitioner*
Christie's Inc.